UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| CHAMBERS OF<br>DEBORAH L. BOARDMAN<br>UNITED STATES DISTRICT JUDGE | 101 WEST LOMBARD STREET<br>BALTIMORE, MARYLAND 21201<br>(410) 962-7810<br>Fax: (410) 962-2577<br>MDD_DLBChambers@mdd.uscourts.gov |

July 19, 2021

LETTER TO COUNSEL

      RE:    *Carolyn J. v. Saul*
                Civil No. DLB-18-1702

Dear Counsel:

      Lawrence P. Demuth, Esq. has filed an amended motion for attorney's fees pursuant to the Social Security Act ("Act"), 42 U.S.C. § 406(b), in conjunction with his representation of plaintiff before the Court. ECF 31. In response, the Commissioner asked the Court to consider whether Mr. Demuth's requested fee is reasonable. ECF 33. I find no hearing necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the reasons set forth below, Mr. Demuth's amended motion for attorney's fees is GRANTED.

      On July 15, 2019, this Court awarded Mr. Demuth $5,500.00 for 28.25 hours worked on plaintiff's case in federal court, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. ECF 23; ECF 26. Plaintiff subsequently received a favorable decision, which resulted in a past-due benefit award of $48,945.00. ECF 31. Mr. Demuth filed a line in which he seeks $12,236.25, or 25 percent of plaintiff's past due benefits, less $6,000 he already received in administrative fees. *Id.* Mr. Demuth also indicated that the entire amount this Court awarded him pursuant the EAJA was garnished. *Id.*; ECF 32; *see Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002); *Stephens ex rel. R.E. v. Astrue*, 565 F.3d 131, 135 (4th Cir. 2009).

      An attorney who successfully represents a claimant before this Court may receive a reasonable fee not to exceed 25 percent of the claimant's total past-due benefits. 42 U.S.C. § 406(b). A court must "independent[ly] check" each agreement to ensure the agreement yields a "reasonable" result. *Gisbrecht*, 535 U.S. at 807. A court reviewing for reasonability properly considers the "character of the representation and the results the representative achieved" and may require the attorney to provide a record of hours spent working on the case and his typical hourly rate. *Id.* at 808. A fee resulting in a "windfall" to the attorney is likely not reasonable. *Id.* (quoting *Rodriquez v. Bowen*, 865 F.2d 739, 746–47 (6th Cir. 1989)); *see also Mudd v. Barnhart*, 418 F.3d 424, 428 (4th Cir. 2005) (interpreting *Gisbrecht* as establishing that "a reduction in the contingent fee may be appropriate when," *inter alia*, "past-due benefits 'are large in comparison to the amount of time counsel spent on the case'").

      The Court may only award attorneys' fees under 42 U.S.C. § 406(b) for representation in court or for "court-related work." *Mudd*, 418 F.3d at 428. However, the court may consider, "as

*Carolyn J. v. Saul*
Civil No. DLB-18-1702
July 19, 2021
Page 2

one factor in its reasonableness determination, the time spent and work performed by counsel on the case when it was pending at the agency level." *Id.*  Such consideration is appropriate insofar as it gives the court "a better understanding of factors relevant to its reasonableness inquiry, such as the overall complexity of the case, the lawyering skills necessary to handle it effectively, the risks involved, and the significance of the result achieved in district court." *Id.*

Here, Mr. Demuth and plaintiff entered into a contingent fee agreement, by which plaintiff agreed to pay Mr. Demuth 25 percent of all retroactive benefits to which she might become entitled.  ECF 23-3.  In his previous motion for attorney's fees pursuant to the EAJA, Mr. Demuth submitted an itemized report documenting 28.50 chargeable hours he worked on plaintiff's case in this Court.  ECF 24-1.  If Mr. Demuth receives the full amount of fees he requests, his fee for representation will effectively be $429.34 per hour.  Mr. Demuth must therefore show that an effective rate of $429.34 per hour is reasonable for the services he rendered.  *See Gisbrecht*, 535 U.S. at 807.

Mr. Demuth's typical hourly billing rate is $350.00.  ECF 23-6 ¶ 6.  This is within the range of presumptively reasonable hourly rates commensurate with Mr. Demuth's experience as set forth in the Local Rules of this Court.[1]  Courts in the Fourth Circuit have approved contingency fee agreements that produce higher hourly rates in successful Social Security appeals. *See, e.g.*, *Melvin v. Colvin*, No. 5:10-CV-160-FL, 2013 WL 3340490, at *3 (E.D.N.C. July 2, 2013) (approving contingency fee agreement with an hourly rate of $1,043.92); *Claypool v. Barnhart*, 294 F. Supp. 2d 829, 833 (S.D. W. Va. 2003) (approving contingency fee agreement with an hourly rate of $1,433.12); *Lehman v. Comm'r, Soc. Sec. Admin.*, No. SAG-10-2160 (D. Md. July 7, 2016) (approving contingency fee agreement with an hourly rate of $1,028.14). This Court has approved hourly rates in excess of Mr. Demuth's presumptively reasonable hourly rate. *See, e.g.*, *Tracy M. v. Comm'r, Soc. Sec. Admin.*, No. DLB-18-1250, 2020 WL 2732130, at *2 (D. Md. May 26, 2020) (approving a $354.86 hourly rate for Mr. Demuth); *Edna H. v. Comm'r, Soc. Sec. Admin.*, No. TMD-18-581 (D. Md. June 25, 2020) (approving an $844.70 hourly rate for Mr. Demuth's work on preparing a motion for summary judgment and memorandum); *James B. v. Comm'r, Soc. Sec. Admin.*, No. BPG-17-1091 (D. Md. Sept. 16, 2020) (approving an $818.69 hourly rate for Mr. Demuth's work on preparing a motion for summary judgment, memorandum, and response brief); *Frank v. Berryhill*, No. DLB-19-128 (D. Md. June 16, 2021) (approving an hourly rate of $995.57). This case is no exception.  In taking the case on a contingency fee, Mr. Demuth agreed to the possibility of no fees, and his client agreed to pay him 25 percent of all retroactive benefits to which she might become entitled.  Further, Mr. Demuth represented plaintiff in her administrative

---

[1] Although they do not govern Social Security cases, guidelines regarding reasonable hourly rates are published in the District of Maryland's Local Rules.  *See* Loc. R. App'x B.  These guidelines provide a suitable framework with which to evaluate the reasonableness of hourly rates in Social Security cases.  *See id.*; *see, e.g.*, *Arvie W. v. Cmm'r, Soc. Sec. Admin.*, No. SAG-17-1148, 2019 WL 3975187, at *2 (D. Md. Aug. 22, 2019) (using the guidelines to assess the reasonability of fees requested by a Social Security claimant's counsel).  At the time he submitted his EAJA petition, Mr. Demuth had fourteen years of experience litigating Social Security matters.  ECF 23-6 ¶ 5.  The range of presumptively reasonable hourly rates for attorneys admitted to the bar for nine to fourteen years is between $225.00 and $350.00.  Loc. R. App'x B(3)(c).

*Carolyn J. v. Saul*
Civil No. DLB-18-1702
July 19, 2021
Page 3

hearing after the Court's remand in this case. ECF 31-1 at 4. While this Court may not award Mr. Demuth fees under 42 U.S.C. § 406(b) for his representation of plaintiff at the administrative level, the Court can consider that representation as part of its reasonableness analysis. *Mudd*, 418 F.3d at 428. Mr. Demuth's effective advocacy resulted in a favorable decision for plaintiff, whose back benefits were in excess of $45,000. *See* ECF 31. Even though the effective hourly rate of $429.34 is more than Mr. Demuth's typical hourly rate, the requested fee is reasonable in light of Mr. Demuth's direct role in plaintiff's successful claim. Thus, I find that the fee petition should be approved.

For the reasons set forth herein, this Court GRANTS Mr. Demuth's motion seeking attorney's fees in the amount of $12,236.25 less the $6,000 Mr. Demuth has already received in administrative fees, or $6,236.25, ECF 31. Because the $5,500 this Court awarded Mr. Demuth pursuant to the EAJA was garnished, Mr. Demuth need not reimburse plaintiff any part of that amount.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing order follows.

Sincerely yours,

/s/

Deborah L. Boardman
United States District Judge